Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SIMON J. BURCHETT PHOTOGRAPHY, INC.,   Case No.: 19-cv-9490

                Plaintiff,   **ECF CASE**

              v.   **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

VIRGINIA MARITIME ASSOCIATION,

                Defendant.
-----------------------------------------------------------------x

Plaintiff SIMON J. BURCHETT PHOTIPGRAPHY, INC., by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant VIRGINIA MARITIME ASSOCIATION ("VMA") for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

2. A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ;or (3) if there is no district in

which an action may otherwise be brought . . . a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."28 U.S.C. § 1391(b)(1)-(3).

3. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

5. At bar, defendant reproduced, distributed, and publicly displayed the copyrighted image at issue without license or authority from Virginia. This is a tortious act committed without the state.

6. Defendant states on its website:

> "GCE is a corporation that is licensed certified for International Shipping. We have been fortunate to assemble a skilled and professional operations team, each with the experience and knowledge to handle all modes of International Shipping. We possess extensive experience and knowledge with transporting many kind [sic] of goods."

7. Upon information and belief, a significant amount of defendant's revenue is generated by international shipping, predominantly to New York City.

8. Defendant claims on its website that:

> "[t]he VMA is the industry's advocate on policy, regulatory and legislative actions at the local, state and federal levels. . ..

9. VMA frequently solicits business from New York, and holds symposiums with paid New York members.

10. Defendant also does business under various such as the Hampton Roads Shipping Association ("HRSA") and National Association of Maritime Organizations ("NAMO").

11. The Maritime Association Port of NY/NJ located at 17 Battery Place Suite 913 New York, NY 10004 is a paid member of NAMO.

12. Ed Kelley, Member of the Maritime College, State University of New York is the current director and past president of the NAMO.

13. NAMO's focus is on operational issues affecting the viability of maritime commerce, and its mission is to protect the climate for international shipping in the U.S. Members are engaged with their respective Congressional Delegations as well as the myriad administration and regulatory agencies.

14. NAMO advocates for rights in New York state from the Great Lakes, to the New York/New Jersey waterways.

15. The HRSA has numerous paid members from the state of New York.

16. Defendant obviously derives substantial revenue from this Judicial District.

17. The copyright owner resides in New York, NY, and the injury was felt in this Judicial District.

18. Defendant was served with a notice to cease and desist, but refused. It was, and is, aware that its tortious acts have had consequences in this state. Further, defendant derives substantially all of its revenue from interstate or international commerce.

19. Jurisdiction is conferred over defendants pursuant to CPLR 302(3)(i) and (ii).

## DUE PROCESS

20. There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

21. Defendant frequently contracts to relocate property to this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

22. Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC. is a New York corporation with a headquarters located in Manhattan, New York.

23. Defendant VIRGINIA MARITIME ASSOCIATION is a Virginia corporation with a headquarters located at 236 E Plume St, Norfolk, VA 23510.

## FACTS

24. Plaintiff is the beneficial owner, by assignment, of the copyrighted image at issue here which is an aerial image of the container ship the Estelle Maersk titled "_L4A0259" - U.S. Copyright Registrations No. VA 2-019-846 (the "Copyrighted Image"). See **Exhibits 1** and **2.**

25. A true and correct copy of the Copyrighted Image appears below.



26. Plaintiff is owned solely by Simon Burchett, a world-renowned photographer who has been honored with many awards and accolades.

27. Mr. Burchett is accredited as a master photographer by the Master Photographers Association (the "MPA") in England.  To become accredited, a photographer must: (i) have professional liability insurance, (ii) show a substantial history of professional work, (iii) provide a detailed client list, (iv) produce a curriculum vitea, and (iv) pass an interview.

28. In July 2019, Mr. Burchett won the very prestigious Gold Medal at the MPA's professional photographers competition.  This is a national competition conducted by the MPA which is open to all professional photographers.  There are in excess of 1,000 images submitted to each competition.

29. Mr. Burchett received a Silver Medal at the Master Photographers Association competition in 2018.

30. Defendant claims on its website:

> "Be "The Voice of Port Industries" by becoming a member of the Virginia Maritime Association (VMA), the premier business organization dedicated to enhancing competitiveness and promoting commerce through Virginia's ports.
>
> Founded in 1920, VMA has grown to represent nearly 500 companies that employ over 70,000 Virginians. The VMA is the industry's advocate on policy, regulatory and legislative actions at the local, state and federal levels; affecting a pro-business environment for our ports and the maritime industry. As the industry's watchdog, VMA constantly monitors and protects against issues and developments harmful to your business, allowing you to focus on your company's business growth.  Membership in VMA gives your business a voice in the political and public arena decisions that impact the business environment and your company.."

31. Defendant charges yearly membership fees for businesses that want a say in its lobbying activities.

32. Defendant also does business under the name Hampton Roads Shipping Association and National Association of Maritime Organizations.

33. Defendant, without license or registration, copied the Copyrighted Image, then created an unlicensed derivative image which defendant then used as the cover for its "Virginia Ports Annual Report". Defendant then distributed the report, with the unlicensed derivative image, to its members and made it publicly available on its website. See below:



34. Defendant's unlicensed use of the Copyrighted Image and creation of the unlicensed derivative, was, and is, for purely commercial reasons.

35. Plaintiff discovered the defendant's infringing use of the Copyrighted Image in or about October 2019, after significant due diligence and, frankly, a lot of luck.

36. On or about October 7, 2019, plaintiff sent, through counsel, a notice to defendant demanding it cease and desist any further use of the Copyrighted Image. Defendant elected to ignore the notice for almost two weeks. See **Exhibit 3**.

37. This alone entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

38. Defendant blatantly disregarded to license the Copyrighted Image prior to commercial use, and had no authority at any time to create a derivative image. This also entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

39. Defendant has infringed plaintiff's right to copy, distribute, create derivative works, and publicly display the Copyrighted Image pursuant to 17 U.S.C. § 106. Plaintiff is entitled to its actual damages, as well as defendant's profit in excess of plaintiff's actual damages. Alternatively, plaintiff may elect an enhanced statutory damage of as much as $150,000 but in no case less than $30,000, plus its reasonable attorneys' fees, costs, pre/post judgment interest.

40. The defendant did not include plaintiff's name, the title of the Copyrighted Image, its author, or information about the terms and conditions of use of the Copyrighted Image. Instead defendant included an attribution on page 3 of the Report falsely stating the image was owned and authored by Simon Burchett and Maersk.

41. Defendant's failure to include any copyright management information is a violation of 17 U.S.C. § 1202 – the DMCA. Defendant's false notation on page 3 of the Report is a violation of 17 U.S.C. § 1202. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

## ACTUAL DAMAGES

42. Plaintiff has suffered significant injuries due to defendant's acts. Plaintiff is entitled to its licensing fee of $3,000 per year for the three years prior to this Complaint.

43. Plaintiff is also entitled to its lost costs in obtaining the Copyrighted Image which are substantial.

44. The Copyrighted Image was taken during the container ship the Estelle Maersk's maiden voyage from Algeciras, Spain on November 27, 2006.

45. The Estelle Maersk was the largest container ship in the world in 2006 when it made its maiden voyage.

46. Plaintiff took the Copyrighted Image during a four-hour plane ride, repeatedly circling the vessel to make sure every angle was captured.

47. It took four hours of flight time to take the Copyrighted Image, at a cost of just under $12,000. Travel, and other expenses was an additional $4,200. That's $16,200 in hard-costs alone.

48. Defendant's profit in excess of plaintiff's actual damages is significant. Subject to proof, plaintiff seeks all sales of defendant's anti-heeling pumping system product for the three years prior to the filing of this Complaint.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

49. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

50. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Image.

8

51. Defendant without license or authority from plaintiff, reproduced, created a derivative image, publicly displayed the derivative, and distributed the unlicensed derivative of plaintiff's Copyrighted Image.

52. Defendant copied created a derivative image, publicly displayed the derivative, and distributed the unlicensed derivative of plaintiff's Copyrighted Image solely for the purpose of commercial gain.

53. Defendant refused to cease and desist for weeks after a demand from plaintiff's counsel.

54. Should plaintiff elect an award of statutory damages, only an award at the top of the statutory scale will serve as a deterrent to defendant.

55. At all times relevant to this Complaint, defendant's use of the Copyrighted Image, and the unlicensed derivative of the Copyrighted Image was not used for criticism, comment, news reporting, teaching, scholarship, or research.

56. At all times relevant to this Complaint, defendant's use was not transformative.

57. Defendant elected to reproduce, created a derivative image, publicly displayed the derivative, and distributed the unlicensed derivative of plaintiff's Copyrighted Image, using the entirety of the image, without a license.

58. As a direct and proximate result of defendant's unlicensed actions and omissions, defendant infringed plaintiff's exclusive rights to the Copyrighted Image as set forth in Section 106 of the Act.  Plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendant's profits in excess of plaintiff's actual damages.  Plaintiff may also elect to recover a statutory damage award.  Defendant's acts were in reckless disregard of plaintiff's

rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201-05.

59. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

60. Section 1202 provides in part: (b) [n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(b).

61. The DMCA states: "[d]efinition.—As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) . . . the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) . . . the name of, and other identifying information about, a writer, performer, or director who is credited

in the audiovisual work. (6) Terms and conditions for use of the work. (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(C); S.Rep. No. 105-190 (1988), note 18.

62. Plaintiff always distributes its copyrighted images, including the Copyrighted Image here, with embedded copyright management information which includes the title of the image, author, label, and copyright owner.

63. Defendant removed plaintiff's copyright management information ("CMI"), and copied, created a derivative image, publicly displayed the derivative, and distributed the unlicensed derivative of plaintiff's Copyrighted Image without this CMI.

64. Defendant has continued, for weeks, after notice, to display the Copyrighted Image with no CMI.

65. Defendant did the forgoing with the intent to conceal the infringement.

66. Defendant falsely claimed on page 3 of the Report that the Maersk was the owner of the Copyrighted Image.

67. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3.     a statutory damage award, including all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.     an award of up to $25,000 in statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5.     plaintiff's reasonable attorneys' fees and costs incurred in this action (17 U.S.C. § 505);

6.     pre- and post-judgment interest to the extent allowable; and,

7.     such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 15, 2019               **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini* (signature)
Richard M. Garbarini (RG 5496)